**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. |
| v. | ) | |
| | ) | |
| ALKEM LABORATORIES LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity" or "Plaintiff"), by and through its attorneys, bring this Complaint for Patent Infringement against Defendant Alkem Laboratories Ltd. ("Alkem" or "Defendant"), and alleges as follows:

**The Nature of the Action**

1.      This is an action for patent infringement of United States Patent Nos. 11,478,456 (the "'456 patent") and 11,529,333 (the "'333 patent") (collectively, the "Patents-in-Suit"), arising under the patent laws of the United States, Title 35, United States Code, arising out of the submission by Alkem of Abbreviated New Drug Application ("ANDA") No. 220352 to the U.S. Food and Drug Administration ("FDA") seeking approval of a generic version of Azurity's oral suspension formulation that is the subject of New Drug Application ("NDA") No. 214273, hereinafter referred to as Azurity's "ZONISADE® product."  Azurity seeks all available relief under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and other applicable laws for Alkem's infringement of the Patents-in-Suit.

**The Parties**

2.      Azurity is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 8 Cabot Road, Suite 2000, Woburn, Massachusetts 01801.

3.      On information and belief, Alkem is a corporation organized and existing under the laws of the Republic of India, having a principal place of business at Alkem House, Senapati Bapat Road, Lower Parel, Mumbai, Maharashtra, 400013, India.

4.      On information and belief, Alkem is in the business of, among other things, developing, manufacturing, and selling generic copies of branded pharmaceutical products for the United States market.

**Jurisdiction and Venue**

5.      This action arises under the patent laws of the United States of America, 35 U.S.C. § 100, *et seq*. and from Alkem's submission of ANDA No. 220352.

6.      This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a) (patent infringement).  Relief is sought under 35 U.S.C. § 271(e)(2).

7.      On information and belief, this Court has personal jurisdiction over Alkem because of, among other things, Alkem's persistent and continuous contacts with Delaware.  Alkem has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Alkem regularly and continuously transacts business in Delaware, including by directly or indirectly through one or more agents, developing, manufacturing, marketing, and selling generic pharmaceutical products in Delaware.  On information and belief, Alkem derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within

Delaware.  Alkem has regularly engaged in patent litigation concerning FDA-approved products in this judicial district, has not contested personal jurisdiction in such litigation in this judicial district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court.  *See, e.g.*, *Veloxis Pharma, Inc. v. Alkem Laboratories Ltd.*, C.A. No. 24-00784-MN (D. Del. Jul. 3, 2024); *ZS Pharma, Inc. et al. v. Alkem Laboratories Ltd.*, C.A. No. 23-01187-GWB (D. Del. Dec. 26, 2023); *ZS Pharma, Inc. et al. v. Alkem Laboratories Ltd.*, C.A. No. 22-1096-GWB (D. Del. Oct. 13, 2022); *Novartis Pharmaceuticals Corp. v. Alkem Labs. Ltd*., C.A. No. 22-0032-LPS (D. Del. Apr. 4, 2022); *Anacor Pharms., Inc. v. Alkem Labs. Ltd.*, C.A. No. 21-01348-CFC (D. Del. Nov. 17, 2021); *Novartis Pharms. Corp. v. Alkem Labs. Ltd.*, C.A. No. 21-1330-LPS (D. Del. Oct. 22, 2021); *Azurity Pharms., Inc. v. Alkem Labs. Ltd.*, C.A. No. 20-1094-MSG (D. Del. Jun. 28, 2021).

8.      Additionally, on information and belief, this judicial district is a likely destination of the product that is the subject of ANDA No. 220352.

9.      In the alternative, this Court has personal jurisdiction over Alkem because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Azurity's claims arise under federal law; (b) Alkem is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Alkem has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to FDA and/or manufacturing, importing, offering to sell, or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Alkem satisfies due process.

10.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).  Alkem is a foreign corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. §§ 1391(c).

**Azurity's ZONISADE® Product**

11.     Azurity's ZONISADE® product is an FDA approved anticonvulsant indicated as adjunctive therapy for the treatment of partial onset seizures in adults and pediatric patients 16 years of age and older.

12.     Azurity is the holder of NDA No. 214273.

**Patents-In-Suit**

13.     The '456 patent, entitled "Oral Pharmaceutical Composition Comprising Zonisamide and Process of Preparation Thereof," was duly and legally issued on October 25, 2022. A true and correct copy of the '456 patent is attached to this Complaint as Exhibit A.

14.     The face of the '456 patent names Swati Nagar, Sandip P. Mehta, Manish Umrethia, Jayanta Kumar Mandal, and Sandeep Pal as inventors.

15.     The '456 patent was duly and legally issued to Azurity as the assignee and Azurity owns all rights, title, and interest in the '456 patent.

16.     Pursuant to 21 U.S.C. § 355, the '456 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book"), in connection with Azurity's ZONISADE ® product.  The use of Azurity's ZONISADE ® product is covered by at least one claim of the '456 patent.

17.     The '333 patent, entitled "Oral Pharmaceutical Composition Comprising Zonisamide and Process of Preparation Thereof," was duly and legally issued on December 20, 2022.  A true and correct copy of the '333 patent is attached to this Complaint as Exhibit B.

18.     The face of the '333 patent names Swati Nagar, Sandip P. Mehta, Manish Umrethia, Jayanta Kumar Mandal, and Sandeep Pal as inventors.

19.     The '333 patent was duly and legally issued to Azurity as the assignee and Azurity owns all rights, title, and interest in the '333 patent.

20.     Pursuant to 21 U.S.C. § 355, the '333 patent is listed in the Orange Book in connection with Azurity's ZONISADE® product.  Azurity's ZONISADE® product is covered by at least one claim of the '333 patent.

### Infringement by Alkem

21.     By letter dated March 21, 2025 (the "Notice Letter"), Alkem notified Azurity that it had submitted ANDA No. 220352 to the FDA pursuant to Section 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act ("FDCA") (21 U.S.C. § 355(j)(2)(B)(iv)(I) and 21 C.F.R. § 314.95(c)(1)) to obtain approval to engage in the commercial manufacture, use, and sale of a generic version of Azurity's ZONISADE® product (the Alkem "ANDA Product") before the expiration of the Patents-in-Suit.

22.     The '456 patent expires on August 18, 2038.  The '333 patent expires on May 21, 2039.

23.     On information and belief, Alkem intends to engage in commercial manufacture, use, and sale of the Alkem ANDA Product promptly upon receiving FDA approval to do so.

24.     On information and belief, Alkem is seeking approval to engage in the commercial manufacture, use, and sale of the Alkem ANDA Product before the expiration of the Patents-in-Suit.

25.     By filing ANDA No. 220352, Alkem has necessarily represented to FDA that the Alkem ANDA Product has the same active ingredients as Azurity's ZONISADE® product, has the same route of administration, dosage form, use, and strength as Azurity's ZONISADE® product, and is bioequivalent to Azurity's ZONISADE® product.

26.    The Notice Letter contained an offer of confidential access ("Alkem Offer") to certain portions of ANDA No. 220352. Alkem requested that Azurity accept the Alkem Offer before receiving access to any portion of the Alkem ANDA. However, the Alkem Offer contained unreasonable restrictions that differ materially from restrictions found under protective orders, including but not limited to, for example, D. Del. LR 26.2. *See, e.g.*, *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Pat. Litig.*, 693 F. Supp. 2d 409, 416-17 (D. Del. 2010) (finding that patentee was not required to accept pre-suit Offer of Confidential Access to ANDA under terms it considered "unreasonable"); *see also In re Entresto (Sacubitril/Valsartan) Pat. Litig.*, C.A. No. 20-md-2930-RGA, 2022 WL 2304116, at *2 (D. Del. June 27, 2022) (in denying motion for fees, "credit[ing] [patentee's] argument that it believed attempting to negotiate reasonable terms for access to [the] ANDA within the 45-day window prior to filing suit would have been fruitless."). The Alkem Offer's unreasonable restrictions also included a restriction on outside counsel with access from continuing to perform "any FDA counseling, litigation or other work before or involving the FDA for [Azurity]." *See, e.g.*, *Avion Pharms., LLC v. Granules Pharms., Inc.*, C.A. No. 20-898-LPS, 2021 WL 1785580, at *3 (D. Del. May 5, 2021) (explaining that "[b]ecause there is little risk of 'inadvertent' disclosure of confidential materials to the FDA, requests for regulatory bars are routinely denied in this district"). The Alkem Offer contained similarly unreasonable restrictions on outside counsel with access from "[e]ngaging in any proceedings before the U.S. Patent Office, including but not limited to patent prosecution and post-grant proceedings (e.g., IPRs and PGRs), directly or indirectly, for [Azurity]." *See, e.g.*, *id.* (rejecting proposed prosecution bar that was "overbroad").

## CLAIMS FOR RELIEF

### Count I — Infringement of the '456 Patent Under 35 U.S.C. § 271 (e)(2)(A)

27.    Azurity incorporates each of the preceding paragraphs as if fully set forth herein.

28.    Alkem submitted or caused the submission of ANDA No. 220352 to FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the Alkem ANDA Product throughout the United States before the expiration of the '456 patent.  By submitting the ANDA, Alkem has committed an act of infringement of one or more claims of the '456 patent under 35 U.S.C. § 271(e)(2)(A).

29.    On information and belief, if Alkem's ANDA No. 220352 is approved by FDA, the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States of the Alkem ANDA Product will constitute acts of infringement, either literally or under the doctrine of equivalents, of the '456 patent under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

30.    On information and belief, Alkem had actual and constructive knowledge of the '456 patent prior to filing ANDA No. 220352 and was aware that filing this ANDA with FDA constituted an act of infringement of the '456 patent.  In addition, on information and belief, Alkem had specific intent to infringe the '456 patent when it filed ANDA No. 220352.  Moreover, there are no substantial non-infringing uses for the Alkem ANDA Product other than as the pharmaceutical claimed in the '456 patent.

31.    The commercial manufacture, use, offer for sale, sale, and/or importation of the Alkem ANDA Product in violation of Azurity's patent rights will cause irreparable harm to Azurity for which damages are inadequate.

**Count II — Infringement of the '333 Patent Under 35 U.S.C. § 271(e)(2)(A)**

32.    Azurity incorporates each of the preceding paragraphs as if fully set forth herein.

33.    Alkem submitted ANDA No. 220352 to FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation

of the Alkem ANDA Product throughout the United States.  By submitting the ANDA, Alkem has committed an act of infringement of the '333 patent under 35 U.S.C. § 271(e)(2)(A).

34.     On information and belief, if Alkem's ANDA is approved by FDA, the commercial manufacture, use (in accordance with and as directed by Alkem's proposed labeling for Alkem's ANDA Product), offer to sell, or sale within the United States, and/or importation into the United States of the Alkem ANDA Product will constitute acts of infringement, either literally or under the doctrine of equivalents, of the '333 patent under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

35.     On information and belief, Alkem had actual and constructive knowledge of the '333 patent prior to filing ANDA No. 220352 and was aware that filing this ANDA with FDA constituted an act of infringement of the '333 patent.  In addition, on information and belief, Alkem had specific intent to infringe the '333 patent when it filed ANDA No. 220352.  Moreover, there are no substantial non-infringing uses for the Alkem ANDA Product other than as the pharmaceutical claimed in the '333 patent.

36.     The commercial manufacture, use, offer for sale, sale, and/or importation of the Alkem ANDA Product in violation of Azurity's patent rights will cause irreparable harm to Azurity for which damages are inadequate.

## **PRAYER FOR RELIEF**

Azurity respectfully requests the following relief:

a)      A judgment that Alkem has infringed the '456 and '333 patents under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 220352 under Section 505(j) of the FDCA, and that Alkem's making, using, offering to sell, or selling in the United States or importing into the United States the Alkem ANDA Product will infringe one or more claims of the '456 and '333 patents;

b)  A finding that the '456 and '333 patents are valid and enforceable;

c)  An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 220352 shall be a date which is not earlier than the latest expiration date of the '456 and '333 patents, as extended by any applicable periods of exclusivity;

d)  An order under 35 U.S.C. § 271(e)(4)(B) permanently enjoining Alkem, its subsidiaries, parents, officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture, use, offer to sell, sale, and/or importation into the United States, of any drug product the use of which is covered by the '456 and '333 patents, including the Alkem ANDA Product;

e)  A finding that this is an exceptional case under 35 U.S.C. § 285, and that Azurity be awarded reasonable attorneys' fees and costs; and

f)  An award of any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Wendy L. Devine
Tung-On Kong
WILSON SONSINI GOODRICH & ROSATI P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Tel: (415) 947-2000

Natalie J. Morgan
Emily M. Shingle
WILSON SONSINI GOODRICH & ROSATI P.C.
2235 El Camino Real
San Diego, CA 92130-3002
Tel: (858) 350-2300

Mark A Hayden
WILSON SONSINI GOODRICH & ROSATI P.C.
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6022
Tel: (212) 999-5800

Dated: May 7, 2025
12214183 / 24105.00002

By: */s/ David E. Moore*
  David E. Moore (#3983)
  Bindu A. Palapura (#5370)
  Andrew M. Moshos (#6685)
  Chamyra L. Upshur (#7344)
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, DE 19801
  Tel: (302) 984-6000
  dmoore@potteranderson.com
  bpalapura@potteranderson.com
  amoshos@potteranderson.com
  cupshur@potteranderson.com

*Attorneys for Plaintiff Azurity
Pharmaceuticals, Inc.*